**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NIRMAL SINGH,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-71185

Agency No. A073-428-644

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Nirmal Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's order denying his motion to reopen deportation proceedings conducted in

absentia.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and de novo due process claims, *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Singh's motion to reopen because Singh concedes that he was personally served with the order to show cause and a hearing notice. *See* 8 U.S.C. § 1252b(a)(1)–(2) (repealed 1996) (written notice "shall be given in person to the alien (or, if personal service is not practicable, such notice shall be given by certified mail to the alien or to the alien's counsel of record, if any)"); *cf. Dobrota v. INS*, 311 F.3d 1206, 1212-13 (9th Cir. 2002) (due process violated where petitioner did not receive order to show cause or hearing notice and those documents were not served on his counsel). Singh's due process claim therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process claim). Because Singh received actual notice of his hearing, we reject his argument concerning 5 U.S.C. § 500(f).

We lack jurisdiction to review Singh's contention that the asylum officer

who personally served Singh with the order to show cause violated 8 C.F.R. § 242.1(c) because he failed to exhaust this contention before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**